UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-417-RJC

| | |
|---|---|
| **In re:**<br><br>**JEMSEK CLINIC, P.A.**<br><br>Debtor.<br>_____<br><br>**In re:**<br><br>**JOSEPH G. JEMSEK, M.D.**<br><br>Debtor.<br>_____<br><br>**BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA,**<br><br>Plaintiff, Counterclaim Defendant, and Counterclaim Plaintiff,<br><br>v.<br><br>**JEMSEK CLINIC, P.A.,** and<br>**JOSEPH G. JEMSEK, M.D.,** an individual<br><br>Defendants, Counterclaim Plaintiffs, and Counterclaim Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff, Counterclaim Defendant, and Counterclaim Plaintiff Blue Cross and Blue Shield of North Carolina's ("BCBSNC") Motion to Stay Entry of Final Judgment Pending Motion to Vacate the Sanctions and Fees Opinions, (Doc. No. 14);[1] BCBSNC's Motion to Vacate the Bankruptcy Court's Sanctions and Fees Opinions,

---

[1] Citations or references to this proceeding, captioned above, shall be designated by "Doc. No." Citations or references to the underlying Bankruptcy Adversary Proceeding, Case No. 07-3006, shall be designated by the abbreviation "Bankr. Doc. No."

(Doc. No. 19); Defendants, Counterclaim Plaintiffs, and Counterclaim Defendants Joseph G. Jemsek, M.D. and the Jemsek Clinic, P.A.'s (collectively, "Jemsek") responses to BCBSNC's motions, (Doc. Nos. 16, 21); and the United States Bankruptcy Court, Western District of North Carolina, Charlotte Division's (the "Bankruptcy Court") Findings of Fact and Conclusions of Law (the "FFCL"), (Doc. Nos. 1, 2). The FFCL recommends entry of a final order in this matter that (1) denies Jemsek's Motion to Withdraw Second Amended Counterclaims and for Leave to Re-File First Amended Counterclaims, (Bankr. Doc. No. 382), filed April 7, 2014; and (2) grants BCBSNC's Motion for Entry of Final Judgment, (Bankr. Doc. No. 387), filed May 1, 2014.

I. BACKGROUND

Nearly ten years since its inception, this case "drones on."[2] The "epic tale" has been well documented in the Bankruptcy Court's FFCL, (Doc. No. 1 at 3–14), as well as this Court's March 11, 2014 Order denying BCBSNC's Motion to Withdraw Reference, Blue Cross & Blue Shield of N.C. v. Jemsek Clinic, P.A., 506 B.R. 694, 696 (W.D.N.C. 2014). The Court, therefore, will not recapitulate the facts again here and will add only the following for clarity.

In November 2009, Jemsek moved for sanctions against BCBSNC, (Bankr. Doc. No. 144), for failing to inform Jemsek of the existence or settlement of a nationwide class action lawsuit involving similar claims against BCBSNC in the Southern District of Florida.[3] In September 2010, after extensive briefing and a lengthy hearing followed by supplemental

---

[2] Charles Dickens, Bleak House 3 (1853) ("Jarndyce and Jarndyce drones on. This scarecrow of a suit has, in course of time, become so complicated, that no man alive knows what it means. . . . Innumerable children have been born into the cause; innumerable young people have married into it; innumerable old people have died out of it. Scores of persons have deliriously found themselves made parties in Jarndyce and Jarndyce, without knowing how or why; whole families have inherited legendary hatreds with the suit. . . . but [it] still drags its dreary length before the Court, perennially hopeless.").
[3] See Love v. Blue Cross & Blue Shield Ass'n, No. 03-21296-CIV (S.D. Fla.) (the "Love Case" and "Love Court").

briefing, the Bankruptcy Court granted Jemsek's motion, dismissed all of BCBSNC's claims, and ordered BCBSNC to pay attorneys' fees and costs (the "Sanctions Order"). (Bankr. Doc. No. 169). In July 2011, again after copious briefing, objections, and two hearings, the Bankruptcy Court completed the sanctions by ordering the payment of attorneys' fees and costs in the amount of $1,291,415.60 (the "Fees Order") (collectively, the "Sanctions Orders"). (Bankr. Doc. No. 205). Although BCBSNC did not appeal the initial Sanctions Order in September 2010, it later sought interlocutory appeal of both Sanctions Orders in July 2011, which was denied. In re Jemsek Clinic, P.A., No. 06-31766, 2011 WL 3841608 (W.D.N.C. Aug. 30, 2011).

The case meandered on nearly three more years through, among other things, a second discovery period and further litigation before the Love Court. After the Love Court ruled that Jemsek's final two claims were barred by that court's injunction,[4] Jemsek filed its Motion to Withdraw Second Amended Counterclaims and for Leave to Re-File First Amended Counterclaims on April 7, 2014. (Bankr. Doc. No. 382). BCBSNC responded by filing its Motion for Entry of Final Judgment on May 1, 2014. (Bankr. Doc. No. 387). On July 29, 2014, the Bankruptcy Court issued its FFCL, (Doc. Nos. 1, 2), which recommends that this Court enter a final order (1) denying Jemsek's Motion for Leave to Reinstate their First Amended Counterclaims and (2) granting final judgment to BCBSNC. Neither party filed objections to the FFCL, and the time for doing so has expired. It would seem, therefore, this Court need only review the Bankruptcy Court's FFCL and enter the final judgment in the case. However, BCBSNC seeks to challenge the Bankruptcy Court's Sanctions Orders. In challenging the

---

[4] Love v. Blue Cross & Blue Shield Ass'n, No. 03-21296-CIV, 2014 WL 1028938 (S.D. Fla. Mar. 17, 2014).

Sanctions Orders, BCBSNC argues that the monetary sanctions awarded were "punitive and unsupportable." (Doc. No. 20 at 1). It also asserts that, pursuant to Stern v. Marshall, 131 S. Ct. 2594 (2011), the Bankruptcy Court did not have the authority to dismiss BCBSNC's claims as a sanction and that a procedural gap exists in the wake of Stern, which prevents this Court from reviewing the Sanctions Orders. Therefore, BCBSNC moves the Court to treat the Sanctions Orders as proposed findings of fact and conclusions of law, which are reviewed de novo, and to vacate the Orders pursuant to the All Writs Act, 28 U.S.C. § 1651.

**II.     STANDARD OF REVIEW**

Bankruptcy courts are federal courts of limited jurisdiction, whose jurisdiction is defined by 28 U.S.C. §§ 157(b) and 1334. The former authorizes bankruptcy courts to hear and determine core proceedings and enter appropriate orders and judgments on them. Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2171 (2014). This Court has jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). "A final judgment entered in a core proceeding is appealable to the district court, which reviews the judgment under traditional appellate standards." Exec. Benefits Ins. Agency, 134 S. Ct. at 2171–72 (citations omitted). Courts in this circuit apply two standards of review for bankruptcy appeals. A bankruptcy court's conclusions of law are reviewed de novo and its findings of fact are reviewed for clear error. In re Litton, 330 F.3d 636, 642 (4th Cir. 2003). "Any mixed questions of law and fact are also reviewed de novo." Id. Finally, a bankruptcy court's decision to impose sanctions is reviewed for an abuse of discretion. In re Weiss, 111 F.3d 1159, 1169 (4th Cir. 1997).

For non-core proceedings that are otherwise related to a case under Title 11, section 157(c) provides authority for bankruptcy courts to hear the proceeding and issue findings of fact

and conclusions of law, which the district court reviews de novo before determining whether to grant a final order.  Id. at 2172.  Similarly, for claims that are statutorily core but may not, as a constitutional matter, be adjudicated by a bankruptcy court as such, the Supreme Court's decision in Stern permits a bankruptcy court to hear the proceeding and issue findings of fact and conclusions of law, which the district court reviews de novo.  Id. at 2172–73.  Put simply: "The statute permits Stern claims to proceed as non-core within the meaning of § 157(c)."  Id. at 2173.

Following Stern, therefore, this Court must not only determine whether a claim is statutorily core, but whether the bankruptcy court possesses the constitutional authority to enter a final order in the matter.  In making this determination, courts in this circuit have considered: (1) whether the action stems from the bankruptcy itself; and (2) whether the issue would be "necessarily resolved" in the claims allowance process.  See In re Somerset Properties SPE, LLC, No. 10-09210-8-SWH, 2012 WL 3877791 (Bankr. E.D.N.C. Sept. 6, 2012).

Regardless of the type of claim or proceeding, however, a court need only review "de novo those matters to which any party has timely and specifically objected."  28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033(d).  In the absence of any objection to a bankruptcy court's proposed findings and conclusions, therefore, a court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note); see Fed. R. Bankr. P. 9033(d), advisory committee note (Rule 9033 is modeled on Fed. R. Civ. P. 72).

### III.   DISCUSSION

This Court has previously found, and both parties agree, that Jemsek's counterclaims are Stern claims for which the Bankruptcy Court could only issue findings of fact and conclusions of law. BCBSNC v. Jemsek, 506 B.R. at 698. Accordingly, the Bankruptcy Court issued its FFCL as to Jemsek's counterclaims on July 29, 2014. (Doc. No. 1). This Court shall make a de novo determination of any portion of the Bankruptcy Court's FFCL to which specific written objection has been made. 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033(d). A party's failure to make timely objection is accepted as an agreement with the conclusions of the Bankruptcy Judge. No objection to the FFCL having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the FFCL. Nevertheless, this Court has conducted a full review of the FFCL and other documents of record and, having done so, finds that the recommendation of the Bankruptcy Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **adopts** the findings of fact and conclusions of law of the Bankruptcy Judge, (Doc. Nos. 1, 2), as its own and **orders** that final judgment be entered in this case. Having adopted the FFCL and entered final judgment, BCBSNC's Motion to Stay Entry of Final Judgment Pending Motion to Vacate the Sanctions and Fees Opinions, (Doc. No. 14), is **moot**.

1. The Sanctions Orders

Whether before this Court as part of a final order, as proposed findings of fact and conclusions of law, or pursuant to the All Writs Act, in the interest of judicial economy the Court will conduct a review of the Bankruptcy Court's Sanctions Orders in their entirety. BCBSNC argues: (1) that the Bankruptcy Court lacked authority to dismiss BCBSNC's two state law counterclaims for which it did not file a proof of claim; (2) that the Bankruptcy Court's finding that BCBSNC violated any duty in bad faith is clearly erroneous; and (3) that the sanctions

imposed by the Bankruptcy Court were grossly excessive. As discussed below, this Court disagrees.

The Supreme Court held in Stern that a bankruptcy court lacks "the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." 131 S. Ct. at 2620. The question presented in Stern was "a narrow one," and the holding only implicates the constitutional power of bankruptcy courts to enter final orders on state law counterclaims by an estate against persons filing claims against the estate. Id.; see also 28 U.S.C. § 157(b)(2)(C). Federal courts, including federal bankruptcy courts, have inherent and statutory power to police the conduct of the parties who appear before them and to impose sanctions on those parties who abuse the judicial process. 11 U.S.C. § 105; Fed. R. Bankr. P. 7037 & 9011; Chambers v. NASCO, Inc., 501 U.S. 32, 43–45 (1991). Within its inherent authority, a bankruptcy court has discretion "to fashion an appropriate sanction for conduct which abuses the judicial process," including the "outright dismissal of a lawsuit." Chambers, 501 U.S. at 44–45. The narrow holding in Stern cannot be interpreted broadly to limit a bankruptcy court's ability to police proceedings before it via its sanctioning power. Consequently, this Court finds that Stern has no bearing on a bankruptcy court's statutory and inherent authority to issue sanctions for discovery abuses, and the Bankruptcy Court had the authority to sanction BCBSNC for its abuses, including dismissing all of its claims. As such, the Bankruptcy Court's Sanctions Orders are reviewed by this Court for an abuse of discretion. In re Weiss, 111 F.3d at 1169.

When imposing sanctions against a party appearing before it, a court must make a specific finding that the party engaged in bad faith conduct. In re Yorkshire, LLC, 540 F.3d 328, 332 (5th Cir. 2008); see also Roadway Exp., Inc. v. Piper, 447 U.S. 752, 765–66 (1980). The

Fourth Circuit has also set forth a four-factor test to determine whether a sanction of dismissal is appropriate: "(1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the existence of sanctions less drastic than dismissal." Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 451 (M.D.N.C. 2005); see also Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

In this case, Jemsek's motion for sanctions was presented upon generally uncontested facts. (Bankr. Doc. No. 169 at 5). The Bankruptcy Court did not impose the sanctions lightly. It acted only after extensive, voluminous briefing from both sides, a nearly two-hour hearing, and additional post-hearing briefing. The Bankruptcy Court then examined the evidence and analyzed the alleged violations, and BCBSNC's response to each, in depth. Then, in a comprehensive 71-page Order, the Bankruptcy Court applied the appropriate law and set forth the requisite findings supporting its award of sanctions. In the Sanctions Order, the Bankruptcy Court made the following findings regarding bad faith:

> Bad faith is easily found here. BCBSNC settled its case with the Love class on April 27, 2007, but never raised res judicata or release as an affirmative defense. BCBSNC did not reveal, describe, or produce the Settlement even though it knew the settled claims in the Love Case were "identical" to the Counterclaims filed by the Jemsek Defendants. It did not mention this suit to its opponents, the two courts, or to the [Judicial Panel on Multidistrict Litigation]. As a result, counterclaims worth potentially millions of dollars were lost, this litigation was delayed for more than two years, sizeable attorneys['] fees and costs were necessitated for BCBSNC's opponents and an inordinate amount of court time was needlessly consumed.

(Id. at 64–65).

The Bankruptcy Court then went on to thoroughly explicate the specific sanctions to be imposed and the reasoning for each. In doing so, the Bankruptcy Court specifically found that

> . . . on these facts, nothing short of dismissal of [BCBSNC's] claims, with prejudice, will vindicate the wrongs done by BCBSNC to the Jemsek Defendants, their creditors and the courts. Although dismissal is a severe sanction, this is an egregious case, and one with a clear record of contumacious conduct. BCBSNC has acted in flagrant bad faith and with blatant disregard for its responsibilities to the courts and the [Judicial Panel on Multidistrict Litigation]. Moreover, this is not an isolated violation of a single rule or order. The nondisclosure violations were repeated multiple times, over a prolonged period of time, and in two different courts. . . . Hundreds of thousands of dollars in fees and expenses were needlessly expended, the Enjoined Counterclaims were lost, and a considerable amount of judicial resources were wasted due to BCBSNC's actions.

(Id. at 68–69 (citations omitted)). The Bankruptcy Court noted that dismissal of the claims with prejudice was "buttressed by the fact that the sanctionable conduct" was attributable to BCBSNC itself, and the Bankruptcy Court found that "there are no lesser sanctions that may adequately redress the wrongs committed or serve the best interests of justice." (Id.).

After a detailed review of the record in this case, this Court finds that the Bankruptcy Court had the authority to dismiss BCBSNC's claims as a sanction, that the Bankruptcy Court's findings are not clearly erroneous, and that the sanctions imposed were not grossly excessive. Therefore, this Court holds that the Bankruptcy Court did not abuse its discretion in imposing sanctions against BCBSNC under its inherent authority.[5] Having found that the Bankruptcy Court acted appropriately pursuant to its inherent authority to issue sanctions, the Court need not decide whether sanctions were appropriate under the Bankruptcy Court's statutory authority.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Bankruptcy Court's Findings of Fact and Conclusions of Law, (Doc. Nos. 1, 2), are **ADOPTED**;

---

[5] Although reviewed and affirmed under an abuse of discretion standard, the Court, in the alternative and in the interest of judicial economy, has also conducted a full and careful review of the Sanctions Orders under a de novo standard and finds that the Bankruptcy Judge's Sanctions Orders are, in all respects, in accordance with the law and should be affirmed.

2. Joseph G. Jemsek, M.D. and the Jemsek Clinic, P.A.'s Motion to Withdraw Second Amended Counterclaims and for Leave to Re-File First Amended Counterclaims, (Bankr. Doc. No. 382), is **DENIED**;

3. Blue Cross and Blue Shield of North Carolina's Motion for Entry of Final Judgment, (Bankr. Doc. No. 387), is **GRANTED**;

4. Final Judgment is **GRANTED** to Blue Cross and Blue Shield of North Carolina;

5. Blue Cross and Blue Shield of North Carolina's Motion to Stay Entry of Final Judgment Pending Motion to Vacate the Sanctions and Fees Opinions, (Doc. No. 14), is **DISMISSED as moot**;

6. Blue Cross and Blue Shield of North Carolina's Motion to Vacate the Bankruptcy Court's Sanctions and Fees Opinions, (Doc. No. 19), is **DENIED**; and

7. The Clerk of Court is directed to enter the Final Judgment and close this case.

Signed: December 8, 2015

Robert J. Conrad, Jr.
United States District Judge