# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-417-RJC

| | |
|---|---|
| **In re:** <br><br> **JEMSEK CLINIC, P.A.** <br><br>     Debtor. <br>_____<br><br> **In re:** <br><br> **JOSEPH G. JEMSEK, M.D.** <br><br>     Debtor. <br>_____<br><br> **BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA,** <br><br>     Plaintiff, Counterclaim Defendant, and Counterclaim Plaintiff, <br><br>     v. <br><br> **JEMSEK CLINIC, P.A., and** <br> **JOSEPH G. JEMSEK, M.D., an individual** <br><br>     Defendants, Counterclaim Plaintiffs, and Counterclaim Defendants. | **ORDER** |

    **THIS MATTER** is before the Court on Plaintiff Blue Cross and Blue Shield of North Carolina's ("BCBSNC") Motion to Stay Enforcement of Judgment and to Fix Amount of Supersedeas Bond ("Motion to Stay"). (Doc. No. 30).

    On December 8, 2015, this Court entered an Order and Judgment (the "Judgment"), (Doc. Nos. 23, 24), against BCBSNC and in favor of Defendants Jemsek Clinic, P.A., and Joseph G. Jemsek (collectively, "Defendants"). On January 5, 2016, BCBSNC filed an appeal of

the Judgment to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 26). On January 12, 2016, in conjunction with the appeal, BCBSNC filed its Motion to Stay along with a bond in the amount of $1,305,362.88. (Doc. Nos. 30, 30-2). The original bond named Defendants, as the parties to the Judgment, as Obligees, (Doc. No. 30-2); however after consultation, the parties have obtained an amendment to the bond to make Defendants' counsel (Langdon Cooper) the Obligee of the bond, (Doc. No. 36-1). Defendants' counsel will hold any and all payments made under this bond in trust for the benefit of Defendants' bankruptcy estate.[1]

Rule 62(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that where an appeal is taken, the appealing party "may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). It is well-settled that, when a supersedeas bond is posted, the appellant is entitled to the stay "as a matter of right." Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966). "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). The Court uses its discretion to set the amount of the bond. See Van Pelt v. UBS Fin. Servs., No. 3:05-cv-477-C, 2007 WL 3224747, at *1 (W.D.N.C. Oct. 29, 2007). The amount of the bond "is usually set in an amount that will permit full satisfaction of the judgment together with costs and interest." Id.

Here, BCBSNC filed a Notice of Appeal with this Court. (Doc. No. 26). BCBSNC then filed its Motion to Stay along with a bond in the amount of $1,305,362.88 pursuant to Federal Rule of Civil Procedure 62(d). (Doc. Nos. 30, 30-2). The bond has been executed by BCBSNC, as Principal, and Atlantic Specialty Insurance Company, as Surety (the "Surety"). (Doc. No. 30-2). The Surety has an A.M. Best Financial Strength Rating of "A" (Excellent). Pursuant to Fed.

---

[1] Defendants' chapter 11 bankruptcy cases, Case Nos. 06-31766 and 06-31986, are currently pending in the United States Bankruptcy Court for the Western District of North Carolina.

R. App. P. 8(b), the Surety has agreed to submit itself to the jurisdiction of the District Court and has irrevocably appointed the clerk of the District Court as its agent upon whom any papers effecting its liability on the bond may be served. (Id. at 3). Consequently, BCBSNC is entitled to a stay as a matter of right.

All parties have agreed to the proposed language for the supersedeas bond as well as the amount of the bond. (Doc. Nos. 35, 36). The Court finds that a bond in the amount of $1,305,362.88 is sufficient to permit full satisfaction of the judgment together with costs and interest. Accordingly, the Court will **grant** BCBSNC's Motion to Stay. Specifically, the Court approves the supersedeas bond, sets the amount of the bond at no more than $1,305,362.88, and stays enforcement of the Judgment against BCBSNC.

**IT IS, THEREFORE, ORDERED** that:

1. The Judgment is property of the bankruptcy estate.
2. BCBSNC's Motion to Stay Enforcement of Judgment and to Fix Amount of Supersedeas Bond, (Doc. No. 30), is **GRANTED**.
3. The Court accepts and receives the bond, in the amount of $1,305,362.88.
4. BCBSNC shall post a supersedeas bond of $1,305,362.88 with the Clerk of the Court pending appeal of this action. BCBSNC shall also file a rider to the existing supersedeas bond in the form of Attachment 1 to Doc. No. 36, (Doc. No. 36-1), which shall amend the supersedeas bond attached to the Motion to Stay, (Doc. 30-2).
5. The Obligee on the bond shall be: "Langdon Cooper (to hold any and all payments made under this bond in trust in either a client trust account or an interest bearing account approved by the Court, with all such payments being held in trust by Mr. Cooper until ordered by the federal district court to distribute and release such funds) for the benefit of

the bankruptcy estate of Jemsek Clinic, P.S. and Joseph G. Jemsek, M.D., to be held in trust for the benefit of the creditors."

6. Defendants are not entitled to any payment under the bond, should the need arise for the bond to be called.

7. BCBSNC shall not be liable to the Defendants separately but shall be deemed to have discharged its obligation on the Judgment by payment of the bond to counsel for Defendants (i.e., Langdon Cooper or any successor Obligee on the bond approved by the Court) should the need arise for the bond to be called. In the event of such payment under the bond, Langdon Cooper (or any successor Obligee on the bond approved by the Court) is directed to hold any payment in trust pending further order of this Court. However, payment by BCBSNC on the underlying Judgment, or payment on the bond during or after the appeal, shall not be deemed to discharge an obligation of BCBSNC, if any, to pay: (1) attorney fees and costs related to the appeal of the Judgment; and/or (2) any further interest in excess of the two years of interest included in the supersedeas appeal bond. Neither this language nor the requests set out in BCBSNC's Motion to Stay shall be construed as an admission or concession by BCBSNC that Defendants have a valid basis to claim attorneys' fees or costs in connection with this appeal or that Defendants are entitled to recover anything from BCBSNC, including damages, interest or attorneys' fees.

8. Upon the filing of a rider to the supersedeas bond by BCBSNC as directed above, the enforcement of the Judgment in this action shall be **STAYED** pending the current appeal.

Signed: March 21, 2016

_____
Robert J. Conrad, Jr.
United States District Judge